IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| TERIAN TOOMER | : | NO. 01-573 |

MEMORANDUM

Bartle, J.                                                September 15, 2015

      The defendant Terian Toomer has written to the Court for appointment of counsel to assist him in seeking to reduce his sentence in light of the Supreme Court's recent decision in <u>United States v. Johnson</u>, __U.S. __, 135 S. Ct. 2551 (2015).

      Defendant was sentenced in June 2002 to 235 months in prison following his plea of guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  He received an enhanced sentence under 18 U.S.C. § 924(e) because the Court found that he had at least three previous convictions for a violent felony.  Section 924(e)(1) carries a mandatory minimum sentence of 15 years and a maximum sentence of life imprisonment. Without this criminal history, his maximum term of imprisonment would have been ten years.[1]

      Defendant now contends that the sentence he received violates due process.  He relies on <u>United States v. Johnson</u>.  There the Supreme Court held to be unconstitutionally vague the

---

[1] On October 19, 2005, this Court denied his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence and denied his request for a certificate of appealability.

residual clause of § 924(e) defining a violent felony as including any crime that ". . . involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii).  Section 924 (e)(2)(B)(i) also separately defines a violent felony to mean a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  The Supreme Court did not void this provision.

Defendant, at the time of his sentencing, had three previous adult convictions for a violent felony, each committed on a different occasion: (1) assault with intent to rob in 1991; (2) robbery with a deadly weapon in 1993; and (3) robbery in 1998.  See § 924(e)(1).  All have as an element the use, attempted use, or threatened use of physical force against the person of another and, thus, all fall under § 924(e)(2)(B)(i).  As such, defendant is not eligible for a residual sentence of ten years or less because his prior convictions fit under § 924(e)(2)(B)(i), which remains unaffected by Johnson.

Even assuming without deciding that the holding of Johnson would apply retroactively, it can be of no help to defendant.  An attorney representing defendant could not be of any realistic assistance.

Accordingly, his request for appointment of counsel will be denied.