IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 01-573 |
| v. | : | |
| | : | CIVIL ACTION |
| TERIAN TOOMER | : | NO. 16-3235 |

MEMORANDUM

Bartle, J.                                                           April 27, 2017

Before the court is the motion of petitioner Terian Toomer to correct his sentence under 28 U.S.C. § 2255 in light of the recent decision of the United States Supreme Court in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), which invalidated a provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924.[1]

In April 2002, Toomer pleaded guilty to a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was sentenced to 235 months of imprisonment in June 2002. The court found that he was subject to ACCA, which prescribes a fifteen-year mandatory minimum sentence for a felon in possession of a firearm who has three prior "violent felony" convictions.

---

1. Toomer previously sought relief pursuant to § 2255. That motion was denied. In October 2016, Toomer received permission from our Court of Appeals to file this second or successive petition under § 2255. <u>See</u> Doc. No. 72. This Order of our Court of Appeals appears to have been dated July 6, 2016 even though it was not issued until October 2016.

See § 924(e)(1).  If the felon in possession of a firearm has less than three prior violent felony convictions, he is subject to a maximum sentence of ten years imprisonment.  See Welch v. United States, 136 S. Ct. 1257, 1261 (2016).

At the time of his sentencing, Toomer had the following prior convictions:  (1) first-degree robbery in Pennsylvania; (2) second-degree robbery in Pennsylvania; (3) second-degree aggravated assault in Pennsylvania; (4) robbery with a deadly weapon in Maryland; (5) attempted robbery with a deadly weapon in Maryland; and (6) assault with intent to rob in Maryland.[2]  It was not contested that at least three of those convictions were violent felonies under the definition then found in § 924(e)(2)(B).  Thus, the court made this finding without specifying which of the definitions of violent felony under § 924(e)(2)(B) was applicable.

I.

Prior to Johnson and at the time of Tomer's sentencing, ACCA read:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony . . . committed on occasions different from one another, such person

---

2.  Toomer also had Pennsylvania convictions for forgery and receiving stolen property.  The Government does not argue that these convictions are ACCA predicate offenses.

> shall be fined under this title and
> imprisoned not less than fifteen years . . .
>
> (2) As used in this subsection—
>
> . . .
>
> > (B) the term "violent felony" means any
> > crime punishable by imprisonment for a
> > term exceeding one year . . . that --
> >
> > > (i) has as an element the use,
> > > attempted use, or threatened use
> > > of physical force against the
> > > person of another; or
> > >
> > > (ii) is burglary, arson, or
> > > extortion, involves use of
> > > explosives, <u>or otherwise involves
> > > conduct that presents a serious
> > > potential risk of physical injury
> > > to another</u> . . .

See § 924(e) (emphasis added).

In Johnson, the Supreme Court decided that what is known as the "residual clause" of ACCA was void for vagueness. See Johnson, 135 S. Ct. at 2563. This clause stated that a prior conviction was a violent felony if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." See § 924(e)(2)(B)(ii). The Court in Johnson determined that "[t]he text of the residual clause provides little guidance on how to determine whether a given offense 'involves conduct that presents a serious potential risk of physical injury.'" See Welch, 136 S. Ct. at 1261 (quoting § 924(e)(2)(B)(ii)). The Court subsequently held in Welch that

-3-

Johnson applies retroactively to petitioners who were sentenced under ACCA before Johnson had been decided.  See id. at 1265.

Following Johnson, a prior conviction is a violent felony only if it falls into one of two categories: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; or (2) "is burglary, arson, or extortion, [or] involves the use of explosives." See § 924(e)(2)(B).  Here, because Toomer's prior convictions are not for burglary, arson, extortion, or the use of explosives, they must now satisfy the "force clause" to be deemed violent felonies under ACCA.[3]  Toomer asserts that less than three of his prior convictions "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another."  See id.  If he is correct, his sentence, which exceeded ten years, is unlawful.[4]

The Supreme Court, as set forth in Taylor v. United States, 495 U.S. 575 (1990), has required the application of the "categorical approach" in deciding whether a prior conviction is a violent felony for purposes of ACCA.  It "focus[es] solely on

---

3.  The force clause is sometimes referred to as the "elements clause."  See, e.g., Welch, 136 S. Ct. at 1261.

4.  We note that Toomer also claims entitlement to relief because he was sentenced under §§ 2K2.1 and 4B1.4 of the advisory United States Sentencing Guidelines.  After he filed his motion, the Supreme Court held that the advisory Sentencing Guidelines are not subject to a vagueness challenge. See Beckles v. United States, 137 S. Ct. 886, 890 (2017).

whether the elements of the crime of conviction sufficiently match" ACCA "while ignoring the particular facts of the case." See Mathis v. United States, 136 S. Ct. 2243, 2248 (2016) (citing Taylor, 495 U.S. at 600-01). The Supreme Court has explained:

> "Elements" are the "constituent parts" of a crime's legal definition -- the things the "prosecution must prove to sustain a conviction." Black's Law Dictionary 634 (10th ed. 2014). At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant, see Richardson v. United States, 526 U.S. 813, 817, 119 S. Ct. 1707, 143 L.Ed.2d 985 (1999); and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty, see McCarthy v. United States, 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L.Ed.2d 418 (1969).

Id. After the court has identified the elements of a prior offense, "[t]he court then lines up that crime's elements alongside" those required by ACCA "and sees if they match." See id. A prior offense is a violent felony under ACCA if the elements of the prior offense are the same as or narrower than required by ACCA. See Descamps v. United States, 133 S. Ct. 2276, 2283-84 (2013) (citing Taylor, 495 U.S. at 600). If the elements of the prior offense are broader than ACCA, the prior conviction is not an ACCA predicate offense. See Mathis, 136 S. Ct. at 2251.

Unfortunately, identification of the elements of the prior conviction statute is not always a straightforward

exercise.  Some statutes are considered "divisible" because they "list elements in the alternative, and thereby define multiple crimes."  See id. at 2249.  Where the statute is divisible, the court must apply the "modified categorical approach" to determine which of the possible elements "was integral to the defendant's conviction (that is, which was necessarily found or admitted)."  See id.  Under this circumstance, the court considers "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of."  Id.  "A court may use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction."  Descamps, 133 S. Ct. at 2293.

The Supreme Court has also recognized that there is "a different kind of alternatively phrased law:  not one that lists multiple elements disjunctively, but instead one that enumerates various factual means of committing a single element."  See Mathis, 136 S. Ct. at 2249 (emphasis added).  This type of law "merely specifies diverse means of satisfying a single element of a single crime — or otherwise said, spells out various factual ways of committing some component of the offense."  See id.  It is not a divisible offense.  Rather, it

is indivisible and the court must apply the categorical approach rather than the modified categorical approach.

Once the relevant elements of the statute have been identified, the modified categorical approach and the categorical approach proceed in the same fashion. See Descamps, 133 S. Ct. at 2286. The court simply compares the elements of the prior offense to the force clause in ACCA to determine whether the prior offense is the same as or narrower than the definition in ACCA. If it is, the prior conviction is a violent felony under ACCA. Otherwise, the prior conviction does not constitute a violent felony. Again, we do not delve into the particular facts or circumstances of a defendant's prior convictions.

We must therefore determine whether at least three of Toomer's prior convictions are violent felonies under the force clause of ACCA to determine whether his sentence remains valid after the Supreme Court's invalidation in Johnson of ACCA's residual clause.

II.

We begin with Toomer's conviction for second-degree aggravated assault in Pennsylvania, in violation of 18 Pa. Con. Stat. § 2702(a). At the time of Toomer's October 2000 conviction, the Pennsylvania second-degree aggravated assault statute had several subsections. Because our Court of Appeals

has already determined that this statute is divisible, we use the modified categorical approach to identify the relevant subsections applied in Toomer's case.  See United States v. Gorny, 655 F. App'x 920, 924 (2016) (citing Mathis, 136 S. Ct. at 2247-50; Descamps, 133 S. Ct. at 2281).

Toomer was charged with violating subsections (3) and (4) of the aggravated assault statute.[5]  They read:

> (a) Offense defined.--A person is guilty of aggravated assault if he:
>
> . . .
>
> (3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;
>
> (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon . . .

See § 2702(a) (amended 2003).[6]  The judgment of conviction does not specify which subsection applies to his conviction.  As such, we must consider whether a conviction under both subsections meets the definition of a violent felony under ACCA.

---

5.  Toomer was also charged with first-degree aggravated assault, in violation of § 2702(a)(1) and (2).  He was convicted only of second-degree aggravated assault.

6.  Section 2702(c) identifies various "officers, agents, employees and other persons," including law enforcement officers, emergency workers, probation officers, judges, attorneys, and teachers.

In Gorny, our Court of Appeals "conclude[d] that § 2702(a)(4) is a crime of violence because it 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" See Gorny, 655 F. App'x at 925 (citing U.S.S.G. § 4B1.2(a)(1)).[7] That Court also rejected the defendant's argument that the mental state required for a § 2702(a)(4) conviction is broader than the specific intent required for the force clause. It determined that "a conviction under § 2702(a)(4) requires the knowing or intentional causation of (or attempt to cause) bodily injury, which satisfies the elements clause's mens rea requirement." See id. This ends the inquiry with respect to § 2702(a)(4). A conviction under § 2702(a)(4) is a violent felony under ACCA.[8]

Section 2702(a)(3), like § 2702(a)(4), uses the language "attempts to cause or intentionally or knowingly causes

---

7. Gorny was concerned with § 4B1.2 of the United States Sentencing Guidelines. That section has a force clause which uses precisely the same language to define a "crime of violence" as is used in ACCA to define a "violent felony." These provisions are interpreted in the same way. See Gorny, 655 F. App'x at 924.

8. The Court also stated: "While [United States v. Castleman, 134 S. Ct. 1405, 1414 (2014)] reserved the question of whether 'bodily injury' is necessarily caused by 'violent force' as defined in [Johnson v. United States, 559 U.S. 133, 140 (2010)], we need not answer this question, for we conclude that it would not be plain error to determine that the causation of bodily injury necessarily requires the use of force capable of causing bodily injury — that is, 'violent force.'" See Gorny, 655 F. App'x at 925.

-9-

bodily injury." Compare § 2702(a)(3) with § 2702(a)(4). It therefore requires the same mental state as in § 2702(a)(4). In a case decided by our Court of Appeals one day after Gorny, it held that a conviction for aggravated assault pursuant to § 2702(a)(3) "fits comfortably within the Sentencing Guidelines definition of a violent crime as any crime that 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'"[9] See United States v. Pitts, 655 F. App'x 78, 81 (2016). A conviction under § 2702(a)(3), like a conviction under § 2702(a)(4), is a violent felony under ACCA. Thus, Toomer's prior conviction for second-degree aggravated assault in Pennsylvania is a violent felony under ACCA.

III.

We now turn to Toomer's second-degree robbery conviction in Pennsylvania in 1998 in violation of 18 Pa. Cons. Stat. § 3701(a)(1)(iv) (amended 2010). At that time, the statute for second-degree robbery read:

---

9. In Pitts, our Court of Appeals distinguished its holding in United States v. Otero, 502 F.3d 331 (3d Cir. 2007). Otero had held that Pennsylvania simple assault is not a crime of violence because a defendant acting with a mental state of recklessness can be convicted of simple assault. See id. at 335. Recklessness is broader than the specific intent required by ACCA. "In contrast, a conviction under Pennsylvania's aggravated assault statute, involving assault on an officer of the state, requires intentional conduct." See Pitts, 655 F. App'x at 81.

> (1) A person is guilty of robbery if, in the course of committing a theft, he:
>
> . . .
>
> (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury.

§ 3701(a)(1)(iv). The statute for second-degree robbery as it existed at that time was indivisible, and we will apply the categorical approach to determine whether it fits within the force clause of ACCA.

Although our Court of Appeals has not had occasion to decide whether § 3701(a)(1)(iv) falls within the scope of the force clause, it has concluded that a conviction pursuant to § 3701(a)(1)(ii) does. See United States v. Dobbin, 629 F. App'x 448, 452 (3d Cir. 2015). Section 3702(a)(1)(ii), which defines first-degree robbery, states that "[a] person is guilty of robbery if, in the course of committing a theft, he: . . . (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury." See § 3701(a)(1)(ii). In Dobbin, the Court held that "because [the defendant] was convicted of violating 18 Pa. C.S. § 3701(a)(1)(ii), which requires that the offender 'threaten[ ] another with or intentionally put[ ] him in fear of immediate serious bodily injury,' his convictions satisfy" the force clause. See Dobbin, 629 F. App'x at 452.

The subsection of the statute at issue here, § 3701(a)(1)(iv), uses very similar language.  Like § 3701(a)(1)(ii), it criminalizes threatening or intentionally putting a victim in fear of bodily injury.  In addition, § 3701(a)(1)(iv) further prohibits "inflict[ing] bodily injury upon another."  If threatening to inflict physical injury is sufficient to satisfy the force clause as our Court of Appeals held in Dobbin, certainly actually inflicting injury "has as an element the use, attempted use, or threatened use of physical force against the person of another."[10]  See § 924(e)(2)(B)(i).

The only other distinction between § 3701(a)(1)(ii) and (iv) is that the former uses the word "serious" to describe bodily injury whereas the latter does not.  But the infliction of bodily injury does not have to be "serious" to satisfy the force clause of ACCA.  In Pennsylvania, "bodily injury" means "impairment of physical condition or substantial pain." See § 2301.  This meets the physical force requirement in ACCA, where "'physical force' means violent force -- that is, force capable of causing physical pain or injury to another person." See Johnson v. United States, 559 U.S. 133, 140 (2010).  The infliction of physical impairment or substantial pain required to be convicted of Pennsylvania second-degree robbery

---

10.  Toomer also argues that the mental state for § 3701(a)(1)(iv) is broader than ACCA.  In light of the decision of our Court of Appeals in Dobbin, we must reject this argument.

-12-

necessarily involves "force capable of causing physical pain or injury." See id. Consequently, Toomer's second-degree robbery conviction in Pennsylvania is a violent felony under ACCA.

IV.

We next consider whether Toomer's prior convictions for robbery with a deadly weapon and attempted robbery with a deadly weapon in Maryland are violent felonies under ACCA. The judgments of convictions for both of these offenses were signed on the same day in April 1994. The record is unclear as to whether these convictions concern separate occurrences or arose out of the same conduct. The fifteen-year mandatory minimum sentence in ACCA only applies if there are three prior convictions for violent felonies that were "committed on occasions different from one another." See § 924(e)(1). It is unclear from the record whether Toomer's Maryland armed robbery and attempted armed robbery convictions occurred on separate occasions. As such, we will treat those convictions as a single offense in considering whether Toomer has three violent felonies for purposes of ACCA.

In United States v. Redrick, 841 F.3d 478 (D.C. Cir. 2016), the United States Court of Appeals for the District of Columbia recently faced the question of whether a prior conviction for robbery with a deadly weapon in Maryland is a violent felony under ACCA. In a well-reasoned opinion, it held

that Maryland armed robbery "has as an element the use, attempted use, or threatened use of physical force against the person of another."  See id. at 484 (quoting § 924(e)(2)(B)(i)).  We reach the same conclusion.

At the time of his offense, simple robbery was a common law offense in Maryland, defined as "the felonious taking and carrying away of the personal property of another, from his person or in his presence, by violence or putting in fear."  See Bowman v. State, 552 A.2d 1303, 1305 (Md. 1989) (quoting West v. State, 539 A.2d 231, 233 (Md. 1988)).  The sentence, however, was prescribed by statute.  Simple robbery was punishable by a fifteen-year maximum sentence, whereas a defendant who used a deadly weapon in the commission of a robbery could receive up to a twenty-year maximum sentence.  See Md. Code Art. 27, §§ 486, 488 (repealed).  With regard to the statutory prohibition on use of a deadly weapon, "the Court of Appeals of Maryland has described the dangerous weapon portion of the penalty statute as a 'sentence enhancement' to the single offense of common law robbery, not an element of the separate offense of armed robbery."  See Redrick, 841 F.3d at 483 (citing Bowman, 552 A.2d at 1305; Whack v. State, 416 A.2d 265, 266 (Md. 1980)).  Toomer argues that pursuant to this criminal scheme the deadly weapon was merely a sentencing factor not an element of his armed robbery conviction.

We disagree. The use of a deadly weapon was not merely a sentencing factor left to the judge to consider after the defendant was convicted of simple robbery. Under Maryland law, "[i]n order for the defendant to be found guilty of this offense, the State must prove beyond a reasonable doubt, number one, that there was a robbery, and number two, that it was committed with the use of a deadly or dangerous weapon." See id. (citing Battle v. State, 499 A.2d 200, 203 (Md. Ct. Spec. App. 1985)). In other words, a defendant could not be convicted of armed robbery unless the state had proven at trial beyond a reasonable doubt that a deadly weapon was used in the course of the robbery. As the Supreme Court explained in Mathis, "'[e]lements' are the 'constituent parts' of a crime's legal definition -- the things the 'prosecution must prove to sustain a conviction.'" See id. (quoting Mathis, 136 S. Ct. at 2248). "To say that the state must prove the use of a dangerous or deadly weapon 'beyond a reasonable doubt' is simply another way of stating that it is a jury question or an element of a crime." Id. Regardless of how Maryland labeled the offense, it required the use of a deadly weapon be proven as an element of the offense in order to convict a defendant for robbery with a deadly weapon. As the United States Court of Appeals for the District of Columbia put it, "[b]ecause Maryland treats this issue exactly as if it were an element under federal law, we

-15-

consider it an element that creates an effectively distinct crime for the purposes of the Act." Id. The use of a deadly weapon was an element of Toomer's prior conviction for armed robbery.

Having determined that the use of a deadly weapon was an element of Toomer's conviction for robbery with a deadly weapon, we must next decide whether the use of a deadly weapon involved "the use, attempted use, or threatened use of physical force against the person of another." See § 924(e)(2)(B)(i).

A "dangerous or deadly weapon" includes "anything used or designed to be used in destroying, defeating, or injuring an enemy, or as an instrument of offensive or defensive combat." See Handy v. State, 745 A.2d 1107, 1113 (Md. 2000) (quoting Brooks v. State, 552 A.2d 872 (Md. 1989)). Toomer urges us to find that poison, mace, tear gas, and pepper spray are deadly weapons that can be used to commit armed robbery in Maryland. He contends that these weapons are examples of conduct that fall outside of ACCA's physical force requirement. Even assuming that a defendant can be convicted of robbery with a deadly weapon in Maryland based on his or her use of one of these substances, this conduct nevertheless falls within ACCA because it necessarily involves "force capable of causing physical pain or injury to another person." See Johnson v. United States, 559 U.S. 133, 140 (2010). It is the force against the victim

that matters.  Poison, like a bullet, acts forcefully inside the body of the victim to cause physical pain or death.

Toomer further contends that poisoning does not use physical force when delivered deceitfully.  But even the most typical case of physical force might involve a covert delivery.  For example, a defendant might sneak up behind the unwitting victim and shoot him or her in the back.  Certainly, this conduct involves physical force.  A defendant can exert physical force against a victim even if the victim is not aware of the force before it impacts him or her.

Finally, Toomer argues that robbery with a deadly weapon does not satisfy the force clause, which requires that the force be used "against the person of another," because the deadly weapon can be directed towards property rather than a person.  See § 924(e)(2)(B)(i).  He claims that robbery with a deadly weapon criminalizes threats to shoot a car, to pour acid in a flower bed, or to burn down a house.  But a defendant can be convicted of robbery with a deadly weapon in Maryland only with regard to acts committed against a person, not property.  See Redrick, 841 F.3d at 485.  The Maryland Court of Appeals has explained that "[r]obbery is a compound larceny.  It is a larceny from the person accomplished by either an assault (putting in fear) or a battery (violence)."  See id. (quoting Snowden v. State, 583 A.2d 1056, 1059 (Md. 1991)) (emphasis

-17-

added). Both assault and battery can be committed only against a person, not property. See id. (citing United States v. Coleman, 158 F.3d 199, 201 (4th Cir. 1998) (en banc); Lamb v. State, 613 A.2d 402, 446 (Md. 1992)). A person, not property must be the target of robbery with a deadly weapon and attempted robbery with a deadly weapon in Maryland.[11]

As such, Toomer's prior conviction for robbery with a deadly weapon in Maryland is a violent felony under ACCA.

V.

For the reasons explained above, Toomer's prior convictions for second-degree aggravated assault in Pennsylvania, second-degree robbery in Pennsylvania, and robbery with a deadly weapon in Maryland are violent felonies under ACCA's force clause. Toomer has at least three prior convictions for violent felonies, and therefore the imposition

---

11. Toomer relies on two cases of the Maryland Court of Special Appeals which he claims stand for the proposition that robbery with a deadly weapon can be committed against property rather than a person. See Giles v. State, 261 A.2d 806, 807-08 (Md. Ct. Spec. App. 1970); Douglas v. State, 267 A.2d 291, 295 (Md. App. 1970). To the extent that those cases indicate that robbery can be directed towards property, this is expressed in dicta and contradicts the subsequent conclusion of the Maryland Court of Appeals in Snowden. See Snowden, 583 A.2d at 1059.

of the fifteen-year mandatory minimum sentence under ACCA was lawful.[12]

Accordingly, we will deny the motion of petitioner Terian Toomer to correct his sentence under § 2255.

---

12. We need not consider the remaining prior convictions because Toomer's convictions discussed herein are sufficient to demonstrate the legality of his sentence.