```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :      CRIMINAL ACTION
                              :      NO. 01-573
       v.                     :
                              :      CIVIL ACTION
TERIAN TOOMER                 :      NO. 16-3235
```

MEMORANDUM

Bartle, J.                                        January 10, 2018

      Before the court is the motion of petitioner Terian Toomer to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in light of Johnson v. United States, 135 S. Ct. 2551 (2015), which invalidated a provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924.

I

      In April 2002, Toomer pleaded guilty to a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  He was sentenced to 235 months' imprisonment in June 2002.  The court found that he was subject to the ACCA, which prescribes a fifteen-year mandatory minimum sentence for a felon in possession of a firearm who has three prior "violent felony" convictions. See § 924(e)(1).

      At the time of his sentencing, Toomer had the following prior convictions:  (1) first-degree robbery in Pennsylvania; (2) second-degree robbery in Pennsylvania;

(3) second-degree aggravated assault in Pennsylvania;
(4) robbery with a deadly weapon in Maryland; (5) attempted robbery with a deadly weapon in Maryland; and (6) assault with intent to rob in Maryland.[1]  It was not contested that at least three of those convictions were violent felonies under the definition then found in the ACCA.

On December 27, 2016, Toomer filed a petition under § 2255 to vacate, set aside, or correct his sentence in light of Johnson.[2]  In a Memorandum and Order dated April 27, 2017, we denied the petition and declined to issue a certificate of appealability.  See United States v. Toomer, No. 01-573, 2017 WL 1508842, at *7 (E.D. Pa. Apr. 27, 2017).  We found that Toomer had three prior convictions for violent felonies under the ACCA: (1) robbery with a deadly weapon under Maryland law; (2) second-degree aggravated assault under Pennsylvania law; and (3) second-degree robbery under Pennsylvania law.[3]  Id.  Having

---

1.  Toomer also had Pennsylvania convictions for forgery and receiving stolen property.  The Government does not argue that these convictions are ACCA predicate offenses.

2.  Toomer filed his initial petition for relief under § 2255 in 2005.  That motion was denied.  In October 2016, Toomer received permission from our Court of Appeals to file a second or successive petition under § 2255.  See Doc. No. 72.

3. We concluded that Toomer's prior Maryland convictions for robbery with a deadly weapon and attempted robbery with a deadly weapon should be treated as a single offense because it was unclear from the record whether the events giving rise to those

-2-

found three predicates, we declined to address whether Toomer's convictions for first-degree robbery under Pennsylvania law and assault with intent to rob under Maryland law qualified as violent felonies under the ACCA.  Id. at *7 & n.12.

On June 8, 2017, Toomer filed with our Court of Appeals an unopposed application for a certificate of appealability.  See 28 U.S.C. § 2253.  In that application Toomer challenged this court's findings that his prior convictions for Maryland armed robbery, Pennsylvania second-degree robbery, and Pennsylvania second-degree assault are ACCA predicate offenses.  On August 24, 2017, Toomer filed an unopposed motion to stay consideration of that application.  He stated that "[c]ircumstances have arisen that may require Appellant to seek leave to amend his COA Application. . . . Appellant is reviewing his options and consulting with the government regarding how to proceed with this matter."  The Court of Appeals granted the stay.

On October 4, 2017, Toomer filed in the Court of Appeals a motion for summary action.  In that motion, Toomer raised an issue not raised before the district court.  He asserted for the first time that his Pennsylvania conviction for second-degree aggravated assault could not be considered a

---

convictions occurred on separate occasions.  See Toomer, 2017 WL 1508842, at *5 (citing 18 U.S.C. § 924(e)(1)).

predicate offense under the ACCA because the judgment was not final at the time Toomer was arrested for unlawfully possessing a handgun, the behavior underlying his ACCA-enhanced federal conviction. See Middleton v. Ebbert, 467 F. App'x 105, 108 (3d Cir. 2012) (citing United States v. Balascsak, 873 F.2d 673, 679 (3d Cir. 1989)). The government did not contest the motion.

On October 26, 2017, the Court of Appeals ordered the parties to raise this issue with the district court. The Court further stated that it would hold in abeyance the application for a certificate of appealability and the motion for summary action. Thereafter this court held a status conference with counsel and issued a scheduling order regarding supplemental briefing on Toomer's § 2255 motion.

II

We now turn to the merits of Toomer's § 2255 motion. The government has conceded that Toomer's prior Pennsylvania convictions for second-degree aggravated assault and first-degree robbery do not qualify as predicate offenses under the ACCA. However, the government asserts in its supplemental briefing that Toomer's prior Maryland conviction for assault with intent to rob qualifies as a violent felony under the ACCA. It maintains that along with Toomer's convictions for Maryland robbery with a deadly weapon and Pennsylvania second-degree robbery, which we previously found to be violent felonies,

-4-

Toomer has three predicate offenses under the ACCA. Thus the government argues that his § 2255 motion should be denied.

We have previously outlined the categorical approach that applies in assessing predicate offenses under the ACCA. See Toomer, 2017 WL 1508842, at *1-3. Under this approach Toomer's prior conviction for assault with intent to rob will qualify as a violent felony under the ACCA only if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The "physical force" required under § 924(e) is "violent force--that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010). We must make this determination solely based on the elements of the crime of conviction and must not delve into Toomer's actual conduct. See Mathis v. United States, 136 S. Ct. 2243, 2248 (2016).

At the time of Toomer's arrest for assault with intent to rob, the Maryland Code did not define the crime but simply stated the maximum penalty for such offense. See Md. Code Art. 27 § 12 (repealed 1992). The crime was defined under Maryland common law as "an aggravated assault requiring a specified intention in addition to the intentional doing of the actus reus itself—an intent specifically required for guilt of the particular offense, in this instance an intent to rob." Bryant

v. Maryland, 244 A.2d 446, 450 (Md. Ct. Spec. App. 1968). The essential elements of the offense were set forth as: (1) an assault on the victim; (2) made by the defendant; (3) with the intent to rob. Id.

Assault is defined under Maryland common law as an actual battery as well as "any attempt to apply the least force to the person of another." Lyles v. Maryland, 269 A.2d 178, 179 (Md. Ct. Spec. App. 1970). The government concedes that a Maryland conviction for simple assault would not qualify as a violent felony under the ACCA because such offense may be committed by only the slight application of force. See Johnson, 559 U.S. at 137-40. However, the government contends that the offense at issue here requires an additional element, that is the intent to commit robbery, and that this additional element requires "the use, attempted use, or threatened use of physical force" sufficient to qualify as a violent felony under the ACCA.

Under Maryland common law, robbery is defined as "the felonious taking and carrying away of the personal property of another, from his person or in his presence, by violence or putting in fear." West v. Maryland, 539 A.2d 231, 233 (Md. 1988). The Maryland Court of Appeals has further stated: "[t]he hallmark of robbery, which distinguishes it from theft, is the presence of force or threat of force, the latter of which

also is referred to as intimidation." Coles v. Maryland, 821 A.2d 389, 395 (Md. 2003).

The issue therefore is whether the force or threat of force required for robbery under Maryland law is sufficient to constitute "violent force" under the ACCA. See Johnson, 559 U.S. at 140. The U.S. Court of Appeals for the Fourth Circuit has not reached the issue of whether Maryland robbery constitutes a crime of violence. See United States v. Smith, 2017 WL 3096710, at *1 (4th Cir. July 21, 2017). However, one other district court has held that the force required to commit robbery under Maryland law does not always meet the level of violent force required under the ACCA. See United States v. Wilson, 249 F. Supp. 3d 305, 318 (D.D.C. 2017).

To resolve this issue, we turn to Maryland common law. In Cooper v. Maryland, the defendant stuck his hand into the pocket of the victim, grabbed money, and then ran away. 265 A.2d 569, 570-72 (Md. Ct. Spec. App. 1970). The victim was intoxicated at the time and testified that he was startled but was not otherwise intimidated or put in fear. Id. at 572. The Maryland Court of Special Appeals concluded that such conduct would constitute larceny, but not robbery. Id. It reasoned that it is not robbery under Maryland law

> to obtain property from the person of another by a mere trick, and without force, or to pick another's pocket without using

> more force than is necessary to lift the
> property from the pocket; nor is it robbery
> to suddenly snatch property from another
> when there is no resistance and no more
> force, therefore, than is necessary to the
> mere act of snatching.

Id. at 571.

In contrast, the Maryland Court of Special Appeals reached a different conclusion in Raiford v. Maryland. There, the victim testified that as she was preparing to enter her car she felt something on her shoulder. 447 A.2d 496, 496-97 (Md. Ct. Spec. App. 1982), rev'd in part on other grounds, 462 A.2d 1192 (Md. 1983). She turned and saw that the defendant had ripped the shoulder strap purse off of her shoulder. Id. The defendant then fled with the purse. Id. The court held on these facts that the purse snatching was accompanied by sufficient force to constitute robbery. Id. at 499-500. The court reasoned that "'where the article stolen is so attached to the person or clothing of the victim that resistance is offered to the taking solely by reason of such attachment,' then the act of merely snatching property from another is considered robbery as well." Id. at 499 (quoting Cooper, 265 A.2d at 573). Therefore the fact that the victim's shoulder strap was ripped from her arm showed the requisite resistance to the taking sufficient to sustain a robbery conviction. Id.

Later in West v. Maryland, the Maryland Court of Appeals, the state's highest court, considered the precise degree of violence or putting in fear that is necessary to sustain a robbery conviction. 539 A.2d at 234. Relying on Cooper, the court concluded there was insufficient evidence to sustain a robbery conviction where the victim did not resist the taking and did not realize it had occurred until she saw the defendant running away, and the only force applied by the defendant was the force necessary to take the pocketbook from her hand. Id. at 235. In doing so, the Court of Appeals distinguished Raiford and reiterated that where the victim "resists the attempt to rob him, and his resistance is overcome, there is sufficient violence to make the taking robbery, however slight the resistance." Id. at 234 (quoting Cooper, 265 A.2d at 571 (emphasis added)); see also Thomas v. Maryland, 737 A.2d 622, 639 (Md. Ct. Spec. App. 1999).

Based on this precedent, the force needed for conviction with intent to commit robbery under Maryland law does not have to include violent force as defined under Johnson. 559 U.S. at 140. Consequently, Toomer's conviction for this offense cannot be counted as a predicate offense for sentencing purposes, regardless of the actual facts underlying Toomer's conviction. Without this conviction, Toomer does not have the

required three predicate offenses under the ACCA and therefore his enhanced sentence under ACCA cannot stand.

Accordingly, we will vacate our April 27, 2017 Memorandum and Order and grant the motion of Toomer to vacate, set aside, or correct his sentence under § 2255.  The court will schedule a new sentencing hearing.